# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# CLARKSBURG

**DAVID B. ALVAREZ, MANUEL ALVAREZ III, VINCENT D'ANNUNZIO, and DAVID D'ANNUNZIO,**

      Plaintiffs,

v.                                      Civil Action No. 1:13-CV-252
                                              (BAILEY)

**MICHAEL BABIK, JAMES JONES and NICHOLAS ONDERKO,**

      Defendants.

## MEMORANDUM ORDER GRANTING DEFENDANTS' MOTION TO TRANSFER

### I. Introduction

Pending before this Court is Defendants' Motion to Dismiss for Improper Venue, or to Transfer [Doc. 13]. Having been fully briefed, the motion is ripe for disposition. This Court has reviewed the above and is of the opinion that this matter shall more appropriately be adjudicated in the United States District Court for the Western District of Pennsylvania. Accordingly, the Defendants' Motion to Transfer [Doc. 13] is hereby **GRANTED** to the extent that this matter is **ORDERED TRANSFERRED**.

### II. Statement of Facts and Procedural History

The plaintiffs summarize their Complaint as follows: In 2006, plaintiffs saw an opportunity to start up an equipment leasing business and recruited defendants as

1

managers to run the day-to-day affairs. Plaintiffs furnished virtually all of the capital required to start the business, Blue Mountain Equipment Rental Corporation ("BMERC"), and together owned 73.6% of the shares as of November 3, 2011. A 2006 "Pre-Incorporation Agreement" gave defendants (the "Managing Shareholders") an option to "buy down" plaintiffs' interest to 40% for $1,800,000. When BMERC received a $75,000,000 buyout opportunity in September 2011, the plaintiffs helped defendants obtain a loan for the $1,800,000 the defendants needed to buy down the plaintiffs' interest to 40%. On November 16, 2011, defendants borrowed $1,800,000 and bought an additional 33.6% of BMERC's stock worth over $13,000,000 upon closing of the $75,000,000 asset sale. Plaintiffs helped the defendants obtain this premium in recognition of the defendants' efforts in making BMERC worth $75,000,000. All parties agreed that this "stock swap" would take effect as of October 31, 2011, so that the defendants would collectively receive 60% of the income from the sale of assets, which would occur after October 31, 2011.

Plaintiffs learned in September 2012 that I.R.S. regulations governing "S" corporations would not allow BMERC to effectuate the stock swap "as of" October 31, 2011, but instead required the shareholders to pay taxes based on the weighted average of their share ownership spread out over all 365 days of 2011. Consequently, while the plaintiffs received only 40% of the sale proceeds (10% each), they had to pay income taxes based on their weighted average ownership of 68%. As a result, the plaintiffs paid income tax on $11,740,256 in income that actually ended up in the defendants' pockets – an excessive and inequitable allocation that required the plaintiffs to pay additional income taxes of approximately $700,000 each.

Plaintiffs have made demand upon the defendants for reimbursement and have held

board meetings to address the situation.  Defendants have refused to surrender their windfall, and have refused to attend board meetings.  Plaintiffs seek a judgment herein based on the defendants' flagrant breach of the fiduciary duties owed among shareholders of a closely-held corporation so as to require the defendants to disgorge the $11,740,256 on which the plaintiffs paid taxes.  Plaintiffs also seek to recover damages against defendant Babik for the negligent discharge of his duties as BMERC's Treasurer and Chief Financial Officer and his negligent preparation of inaccurate tax returns that forced the plaintiffs to incur, now and in the future, substantial amounts of interest and penalties on late tax payments. [Doc. 1, pp. 1-3].

The plaintiffs assert two counts in their Complaint: Count I – Breach of Fiduciary Duty and Count II – Negligent Preparation of Corporate Tax Returns.

The plaintiffs all reside in or near Clarksburg, West Virginia.  The defendants all live in the Western District of Pennsylvania.  Plaintiffs assert venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) "because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district."  (Id. at ¶ 6).

The plaintiffs filed this action in this Court on November 20, 2013 [Doc. 1].  On December 13, 2013, the defendants filed the instant Motion to Transfer, to which the plaintiffs object.

### III.  Applicable Law

When a defendant objects to venue under Rule 12(b)(3), the plaintiff bears the burden of establishing that venue is proper.  See **Plant Genetic Sys., N.V. v. Ciba Seeds, Mycogen Plant Sci., Inc.**, 933 F.Supp. 519, 526 (M.D. N.C. 1996) (citing **Bartholomew**

*v. Va. Chiropractors Ass'n, Inc.*, 612 F.2d 812, 816 (4th Cir. 1979)).

Under 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district court shall dismiss, or if it be in the interest of justice, transfer such case to any district . . . in which it could have been brought." In cases where the court's jurisdiction is founded solely on diversity of citizenship, which this Court has previously determined, transfer of venue is appropriate in:

> (1) a judicial district where any defendant resides, if all defendants reside in the same State; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated; or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(a).

## IV.  Discussion

### A.  Transfer to Proper Venue Under 28 U.S.C. § 1406(a)

As previously noted, the plaintiffs assert venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) "because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district." (Id. at ¶ 6). This Court disagrees.

In their Complaint, the plaintiffs assert two counts: Count I – Breach of Fiduciary Duty and Count II – Negligent Preparation of Corporate Tax Returns. Plaintiffs allege that the defendants breached their fiduciary duties by exploiting the corporate tax

4

consequences of the asset sale and stock swap. As the defendants point out, these are matters of BMERC's internal corporate affairs which are conducted at its principal place of business in Uniontown, Pennsylvania, within the Western District of Pennsylvania.

In support of their argument that the Northern District of West Virginia is a proper venue, the plaintiffs argue that the Pre-Incorporation Agreement shows that five of the six original BMERC shareholders live within the Northern District of West Virginia; several board meetings were held in the Clarksburg, West Virginia area; BMERC has expanded its operations into West Virginia; and BMERC registered a trade name with the West Virginia Secretary of State. This Court has considered these arguments, but is not convinced that such facts establish that "a substantial part of the events or omissions" which give rise to this particular claim occurred in this District.

As such, this Court finds that the plaintiffs have not met their burden establishing that the Northern District of West Virginia is a proper venue. This Court, however, does not find dismissal to be appropriate; rather, this Court finds it is in the interests of justice to transfer this matter to a district in which it could have been brought. See 28 U.S.C. § 1406(a).

### B. 28 U.S.C. § 1404(a) Analysis

"The analysis of whether a transfer is 'in the interest of justice' is the same under Section § 1404(a) as it is under Section 1406(a). WRIGHT, MILLER & COOPER, § 3827, at 264-66." *Nichols v. G.D. Searle & Co.*, 991 F.2d 1195, 1201 n. 5 (4th Cir. 1993). Accordingly, this Court will look to § 1404(a) to guide it to the proper forum. Title 28 U.S.C. § 1404(a) permits this Court to transfer a civil action to any other district where such action

may have been brought "[f]or the convenience of the parties, in the interest of justice . . .." Thus, the threshold question of a Section 1404(a) analysis is whether the judicial district to which transfer is sought qualifies under the applicable venue statutes as a judicial district where the civil action "might have been brought."  If the Court answers this initial question in the affirmative, the Court must make an "individualized, case-by-case consideration of convenience and fairness."  **Toney v. Family Dollar Store, Inc.**, 273 F.Supp.2d 757, 763 (S.D. W.Va. 2003), quoting **Stewart Org., Inc. v. Ricoh Corp.**, 487 U.S. 22, 29 (1988). In so doing, this Court has broad discretion.  **Nichols v. G.D. Searle & Co.**, 991 F.2d 1195 (4th Cir. 1993).

It is clear from the pleadings that the defendants all reside in Pennsylvania and do not contest personal jurisdiction in this case.  Accordingly, this Court has answered the initial question, whether that judicial district is one in which this civil action might have been brought, in the affirmative.

Further, this Court must consider the plaintiff's choice of forum.  "Unless the balancing of these factors weighs strongly in favor of the defendant, the plaintiff's choice of forum generally should not be disturbed."  **Casana Furniture Co., Ltd. v. Coaster Co. of America**, 2009 U.S. Dist. LEXIS 23141 *3, *4 (M.D. N.C. 2009), **Brown v. Flowers,** 297 F.Supp.2d 846, 850 (M.D. N.C. 2003); **Collins v. Straight, Inc.**, 748 F.2d 916, 921 (4th Cir. 1984).  Moreover, "[w]hile a district court has discretion to transfer the action to a more appropriate venue, a court should not transfer venue where doing so would only shift the inconvenience to another party."  **Casana**, U.S. Dist. LEXIS 23141 *4-5.  This Court has already determined that the plaintiffs choice of forum was not an appropriate venue;

6

accordingly, this Court will give it no weight.

This Court will now consider the following factors, which, in this Court's discretion, will help guide it to the more proper venue. Some of the factors which this Court may consider include: (1) ease of access to sources of proof; (2) the convenience of parties and witnesses; (3) the cost of attendance for witnesses; (4) the availability of compulsory process; (5) the interest in having localized interests decided at home; and (6) the interests of justice. ***Toney v. Family Dollar Store***, 273 F.Supp.2d at 763.

1. **The Ease of Access to Sources of Proof**

Courts have recognized that "modern developments have made sources of proof more accessible, despite their physical location." ***Knapper v. Safety Kleen Systems, Inc.***, 2009 U.S. Dist. LEXIS 30118 *16 (E.D. Tex. 2009). In this case, like most transactions dispute cases, sources of proof will consist of electronic and documentary evidence supported by witness testimony. In this particular case, it appears to this Court that sources of proof are easily accessible no matter where the case is heard. There are no "premises to view," no heavy machinery to send or move, just documents, and these are routinely produced and delivered/distributed in electronic form.

While it still has some relevance, "identifying the location of electronic sources of proof will typically not tip this factor in favor of transfer." ***J2 Global Comms., Inc. v. Protus IP Solutions, Inc.***, 2009 WL 440525 at *4 (E.D. Tex. Feb. 20, 2009); *see also*, ***Odom v. Microsoft***, 596 F. Supp.2d 995, 1000 (E.D. Tex. 2009)("[b]ecause electronic information can be accessed conveniently in any number of locations, not simply the location where the information is 'stored,' it does not follow that transfer to the location of the stored

information is more convenient for anyone"); ***Konami Digital Entertainment Co. v. Harminex Music Systems, Inc.***, 2009 U.S. Dist. 24748 *14 (E.D. Tex. 2009) ("With respect to sources of proof that are purely electronic information, such as the source code at issue in ***Odom***, it does not follow that transfer to Massachusetts where Defendant Harmonix would have relevant source code would be more convenient for anyone.").

Therefore, neither party would likely be inconvenienced by conducting discovery in either fora as the majority of documents relevant to this action have already been submitted to this Court and, alternatively, could be transmitted to the Western District of Pennsylvania with ease. Accordingly, this Court will not give this factor a great deal of weight.

### 2. The Cost and Convenience to Parties and Witnesses

"If no witness or evidence is within the chosen district, courts will transfer an action to a district with witnesses and evidence." ***Speed Trac Tech., Inc.***, 567 F.Supp.2d 799, 804. The witnesses appear to be located in both the Northern District of West Virginia and Western District of Pennsylvania. This Court recognizes the close proximity of the parties and witnesses to either forum.

Therefore, this Court finds that the facts of this particular case do not greatly weigh in either party's favor. Accordingly, this Court believes this factor to be of little use in the instant inquiry.

### 3. The Availability of Compulsory Process

This Court notes that many of the non-party witnesses in this action are within the 100-mile radius of the Northern District of West Virginia's subpoena power for deposition under Fed. R. Civ. P. 45(c)(3)(A)(ii). Any witnesses located in the Pittsburgh or Greene

County area are clearly within the allowed 100 mile radius; therefore, compulsory process would be available. Assuming, however, that some witnesses will have to be subpoenaed for deposition in this matter, Federal Rule of Civil Procedure 45(b)(2) provides that subpoenas may be served at any place without the district court that is within 100 miles of the place of the deposition. This Court believes that any additional burden caused by transfer will be borne by the defendant.

Based on the above facts, this Court finds transfer to the Western District of Pennsylvania would be appropriate.

### 4. The Interests of Justice

Finally, in assessing a motion to transfer, this Court must consider the interests of justice, "'an analysis encompassing those factors unrelated to witness and party convenience.'" **Original Creatine Patent Co., Ltd. v. Met-Rx USA, Inc.**, 387 F.Supp.2d 564, 571 (E.D. Va. 2005)(quoting **Acterna, L.L.C. v. Adtech, Inc.**, 129 F.Supp.2d 936, 939-40 (E.D. Va. 2001)). This factor includes such considerations as: (a) a court's familiarity with the applicable law (especially relevant, for example, in cases in which the claims involve interpretation of another state's statutes or another court's jurisprudence); (b) where the claims at issue arose and any consequent local interest in resolving the case locally; and (c) the relative congestion of the courts' dockets. See **Original Creatine**, 387 F.Supp. at 571 (citing **Intranexus, Inc. v. Siemens Medical Solutions Health Servs.**, 227 F.Supp.2d 581, 583 (E.D. Va. 2002)).

### a. The Court's Familiarity with the Applicable Law.

As an initial matter, this Court must determine which state's law applies – West

Virginia or Pennsylvania. When it exercises jurisdiction based on diversity of citizenship, the court must apply the choice-of-law rules of the state in which it sits. *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496, 61 S.Ct. 1020 (1941). Accordingly, West Virginia conflicts rules apply. In undertaking his choice-of-law analysis in *Energy Corp. of America v. Bituminous Cas. Corp.*, 543 F.Supp.2d 536, Judge Copenhaver of the Southern District of West Virginia discussed the matter of *Liberty Mut. Ins. Co. v. Triangle Indus., Inc.*, 182 W. Va. 580 (1990). In that case, the Supreme Court of Appeals of West Virginia announced a new conflicts of law rule:

Relying on Section 6 of the Restatement (Second) of Conflict of Laws, the *Triangle* court considered a number of factors in identifying the state with the most significant relationship, including:

(a) the needs of the interstate and international systems;
(b) the relevant policies of the forum;
(c) the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue;
(d) the protection of justified expectations;
(e) the basic policies underlying the particular field of law;
(f) certainty, predictability and uniformity of result; and
(g) ease in the determination and application of the law to be applied.

*Id*. at 567.

Turning to the § 6 factors, this Court concludes that no other state has a more significant relationship to the transaction and the parties than Pennsylvania. Further, both plaintiffs and defendants agree that Pennsylvania law applies. The Western District of Pennsylvania is indisputably more familiar with its own law. Therefore, this factor weighs in favor of transfer to the Western District of Pennsylvania.

### b. Local Interest.

As previously noted, BMREC is headquartered in the Western District of Pennsylvania and most witnesses, documents, and activity related to the underlying conduct are centered in that judicial district. *See **In Re Campbell Transportation Co.***, 368 F.Supp.2d 553, 555-57 (N.D. W.Va. 2005) (transferring case from the Northern District of West Virginia to the Western District of Pennsylvania as Pennsylvania had a greater local interest where the events giving rise to the lawsuit occurred there and the majority of witnesses were located there). This Court recognizes that the plaintiffs reside in West Virginia; however, the plaintiffs have failed to produce any evidence that this dispute has caused any actual injury to the State of West Virginia or its taxpayers, other than themselves.

### c. Docket Conditions.

This Court is unaware whether the Western District of Pennsylvania's docket is less congested than that of the Northern District of West Virginia.

Accordingly, having thoroughly weighed the factors herein, this Court finds it is appropriate to transfer all claims to the Western District of Pennsylvania on the grounds that such a transfer will serve the interests of justice. *See* 28 U.S.C. § 1404(a).

### V. Conclusion

Based upon the foregoing, this Court hereby **GRANTS IN PART** Defendants' Motion to Dismiss for Improper Venue, or to Transfer **[Doc. 13]**. Accordingly, it is hereby **ORDERED** that this action be **TRANSFERRED** to the United States District Court for the Western District of Pennsylvania for all further proceedings.

It is so **ORDERED**.

The Clerk is hereby directed to transmit copies of this Order to counsel of record herein and to transfer all related filings in this matter to the Clerk of the United States District Court for the Western District of Pennsylvania.

**DATED:** March 21, 2014.

JOHN PRESTON BAILEY
CHIEF UNITED STATES DISTRICT JUDGE